UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO,

        Plaintiff,

v.                                      17-CV-465 (JLS) (MJR)

KRISTIN SALOTTI,

        Defendant.
_____

## DECISION AND ORDER

*Pro se* Plaintiff Anthony Romano, a state prisoner, asserts claims under 42 U.S.C. § 1983. For the reasons below, Plaintiff's claims are DISMISSED pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

## BACKGROUND

Romano commenced this action on May 25, 2017 claiming that, while he was incarcerated at Five Points Correctional Facility, Defendant was deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. *See* Dkt. 1.[1] The Court scheduled a jury trial to begin on August 26, 2024. *See* Dkt. 74.

On July 24, 2024, the Court issued a Pretrial Order setting the trial date, final pretrial conference date, and various trial submissions deadlines. *Id.* It then issued a Text Order stating that Plaintiff "is required to be present in court" for the final pretrial conference and for the duration of the jury trial. Dkt. 75. The Court

---

[1] The Complaint named several Defendants. *See* Dkt. 1. Only Defendant Salotti remains. *See* Dkt. 15.

further stated that, "[s]hould Plaintiff fail to appear for both proceedings, his case against the Defendant may be dismissed for failure to prosecute." *Id.*[2] The Court then set a properly-noticed status conference for August 16, 2024.[3]

At the August 16, 2024 proceeding, Plaintiff appeared by telephone and requested appointment of counsel. *See* Dkt. 77. The Court denied the request. *See id.* Plaintiff had been afforded the benefit of *pro bono* counsel at least two separate times in this case. *See* Dkt. 35, 43 (orders appointing counsel). But Plaintiff has been perennially unable to work with attorneys. *See e.g.*, Dkt. 72-1 (motion to withdraw as counsel based on Mr. Romano's "failure to consider [counsel's] legal advice" and "an obvious breakdown in the attorney-client relationship").

As such, the Court denied Plaintiff's request for yet another appointed attorney—reasoning that it previously appointed at least two attorneys to represent him, but he was dissatisfied and dismissed them. *See* Dkt. 77. The Court then postponed setting a new trial date—at Plaintiff's request—to afford him an opportunity to find an attorney to represent him. *See id.* The Court set a deadline of September 17, 2024 for Plaintiff to retain counsel. *See id.*

---

[2] A copy of this text order, together with a copy of the Minute Entry (Dkt. 73) and the Pretrial Order (Dkt. 74) were mailed to Plaintiff at Groveland Correctional Facility. *Id.*

[3] The Court issued an Order to Produce Telephonically, requiring Plaintiff to appear by telephone for this status conference. *See* Dkt. 76.

2

The Court also set another properly-noticed status conference for that same date (September 17, 2024). *See id.*[4] But Plaintiff refused to appear for that status conference. *See* Dkt. 81. And, to date, no lawyer has appeared on his behalf. On September 18, 2024, the Court issued an order stating that it will "afford [Plaintiff] one final opportunity to pursue his claims." *See* Dkt. 83. The Court set another properly-noticed status conference for September 27, 2024. *See id.*[5] And the Court specifically warned Plaintiff that "failure to appear for this status conference will result in dismissal of this case under Fed. R. Civ. P 41(b)." *Id.*

Plaintiff refused to participate in the September 27, 2024 status conference. *See* Dkt. 85.[6] At the time the proceeding was set to begin, the Court called Groveland Correctional Facility attempting to reach Plaintiff. After approximately 40 minutes of discussion with various individuals at the facility, a representative of the facility stated that Plaintiff was present, but refused to speak to the Court. *See* Dkt. 87 at 4. Defense counsel—who was present in the courtroom for the entirety of these discussions—then moved to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute. *See id.* at 5.

---

[4] Again, Plaintiff was ordered to appear by telephone for this proceeding. *See* Dkt. 80.

[5] The Court again ordered Plaintiff to appear by telephone. *See* Dkt. 84.

[6] A full transcript of the September 27, 2024 proceeding is at Dkt. 87.

3

## DISCUSSION

### I. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). An "action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where," like here, "the plaintiff . . . has engaged 'in a pattern of dilatory tactics.'" *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316 (2d Cir. 2011) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982)).

A "district court considering a Rule 41(b) dismissal must weigh five factors." *Baptiste*, 768 F.3d at 216. Those factors are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No "single factor is generally dispositive." *Id.* (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The Second Circuit "review[s] a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole." *Id.* (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Court instructs

4

that "a Rule 41(b) dismissal is a 'harsh remedy to be utilized only in extreme situations.'" *White v. Westchester Cnty.*, No. 19-CV-3604 (KMK), 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). And "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209.

Even "*pro se* litigants," however, "must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. Cnty. of Westchester*, No. 99 CIV. 4976 (WCC), 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Indeed, "the authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp*, 682 F.2d at 42).

## II. ANALYSIS

On this record, the factors clearly weigh in favor of dismissal under Fed. R. Civ. P. 41(b). The "first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004).

Here, Plaintiff has caused significant delay in the progression of this case. Plaintiff has not been in contact with the Court since he requested continued adjournment of the trial so that he could hire an attorney. And the deadline for him

to retain counsel has passed. Plaintiff also refused—without explanation—to participate in two consecutive, properly-noticed status conferences before this Court. *See* Dkt. 81, 85. As a result of Plaintiff's refusal to pursue his claims, the Court has been unable to reschedule the trial date. *See Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "repeated requests for continuances or persistent late filings" may warrant dismissal "after merely a matter of months").

Second, the Court adequately warned Plaintiff, repeatedly, that nonappearance would result in dismissal of his claims. After issuing the pretrial order, the Court issued a Text Order stating that Plaintiff must be present for the final pretrial conference (on August 23, 2024 at 3:00 p.m.) and for the duration of the jury trial (beginning on August 26, 2024 at 9:30 a.m.). Dkt. 75. The Court specifically stated that, "[s]hould Plaintiff fail to appear for both proceedings, his case against the Defendant may be dismissed for failure to prosecute." *Id.* In addition, after Plaintiff refused to participate in the September 17, 2024 status conference, the Court ordered him to appear for another status conference, and warned him that failure to do so would result in dismissal of the case under Rule 41(b). *See* Dkt. 83.[7] Despite this warning, Plaintiff again refused to participate in the September 27, 2024 proceeding. *See* Dkt. 85.

Third, Defendant is "likely to be prejudiced by further delay." *LeSane*, 239 F.3d at 209 (internal citation omitted). Indeed, the Court "may presume such

---

[7] A copy of the [83] Text Order was mailed to Plaintiff. *Id.* It was received, as evidenced by his presence and refusal to speak on September 27, 2024.

prejudice when, as here, [Plaintiff] has caused an 'unreasonable delay.'" *Sessoms on behalf of V.C. v. Comm'r of Soc. Sec.*, No. 21-CV-1788 (RPK), 2022 WL 511646, at *2 (E.D.N.Y. Feb. 21, 2022) (quoting *LeSane*, 239 F.3d at 210). Defendant has expended considerable resources litigating this case. And defense counsel has attended proceedings before this Court—including those where Plaintiff refused to participate. *See, e.g.*, Dkt. 81, 85. Further delay will cause Defendant to expend additional resources. Indeed, the Second Circuit has emphasized that "a 'plaintiff's hopelessly belated compliance should not be accorded great weight.'" *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).

Moreover, further delay in this case—which arises out of events alleged to have occurred more than seven years ago—could impair Defendant's trial testimony, given that witnesses' memories fade. *See LeSane*, 239 F.3d at 210 (concluding that the third factor weighed in favor of Defendants, *even where* there was "no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself . . . for example . . . increased . . . litigation costs . . . or reduced (perhaps due to decaying evidence) their likelihood of success on the merits").

Fourth, dismissal properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. Despite this Court's congested calendar, Plaintiff has received a full and fair opportunity to pursue his claims. Yet he has

7

refused to move forward with trial. Indeed, it is "is beyond dispute under [Second Circuit] precedent that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial." *Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009) (citations omitted).

Finally, no lesser sanction is adequate in these circumstances. *See LeSane*, 239 F.3d at 209. This case has been pending for more than seven years. But Plaintiff appears to have abandoned his claims despite the Court's efforts to afford him a full and fair opportunity to be heard. In sum, "considering the commitments not honored, delinquent inactivity, adjournments and delay," *Lyell Theatre Corp.*, 682 F.2d at 43, dismissal is the only appropriate sanction here.

## CONCLUSION

For the reasons above, Plaintiff's claims are DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute.

SO ORDERED.

Dated:   October 4, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE